**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

AMERICAN COMMERCIAL BARGE LINE LLC, )
)
Plaintiff, )
)
v. ) Case No. 4:26-cv-00146-TWP-KMB
)
PELICAN MARINE LOGISTICS, LLC, )
RIGID CONSTRUCTORS, LLC )
)
Defendants. )

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT**

This matter is before the Court on a Motion for Entry of Default filed pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 11). Plaintiff American Commercial Barge Line LLC ("ACBL"), by counsel, requests that the Clerk enter default against Defendants Pelican Marine Logistics, LLC and Rigid Constructors, LLC (together "Defendants") for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure as appears from the affidavit of ACBL's counsel. *Id*. For the reasons discussed below, the Motion is **denied**.

Although Rule 55(a) refers to entry of default by the clerk, it is well established that a default also may be entered by the court. *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc*., 687 F.2d 182, 185 (7th Cir.1982). "[B]ecause the Court, not its Clerk, is addressing the present motion, the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c)." *Broadwater v. Kalina*, 2013 WL 3353946, *1 (S.D. Ind. July 3, 2013). This Court has broad discretion to set aside a default entry for good cause. *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630 (7th Cir. 2009). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a

meritorious defense to the complaint." *Id*. Moreover, the Seventh Circuit "articulate[s] a policy of favoring trial on the merits over default judgment." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799 at 811 (7th Cir.2007). Here, the entry of clerk's default has not yet been entered, and it would be futile to do so as that entry would likely be set aside.

The Complaint in this action was filed on June 5, 2026 (Dkt. 1). ACBL filed its Motion for Entry of Default on July 24, 2026 (Dkt. 11). On August 7, 2026 counsel appeared for the Defendants (Dkt. 12) and that same date, filed a response in opposition to the request for a clerk's entry of default. (Dkt. 13). In their Response brief, Defendants' registered agents attest that they did not receive notice of the summons and Complaint (Dkts. 13-1, 13-2). In addition, Defendants' corporate counsel asserts that he contacted ACBL's counsel on July 30, 2026, explained that Defendants were retaining litigation counsel, requested an extension through August 17, 2026, and expressly preserved Defendants' Rule 12 defenses, but ACBL's counsel declined the request on August 4, 2026. (Dkt. 13 at 2, Dkt. 13-3). Shortly thereafter, Defendants' retained counsel promptly responded. The record shows that this case has proceeded; Defendants have filed an answer, the parties have appeared for an Initial Pretrial Conference, a case management plan has been approved, discovery has begun and a Motion to Dismiss has been fully briefed.

The Court is persuaded by the Defendants' argument that they did not willfully ignore this action, they legitimately dispute receiving the summonses and Complaint in June 2026, and once they learned of the case, their corporate counsel promptly contacted ACBL's counsel, sought time to retain litigation counsel, and preserved all defenses and this case is proceeding.

Because Defendants have shown quick action to correct any default, and intent to defend and good cause exists for any delay, a Clerk's default at this stage of the proceedings would be

futile and inappropriate. For these reasons, Plaintiff's Motion for Clerk's Entry of Default, (Dkt. 11), is **DENIED.**

**SO ORDERED.**

Date: 10/2/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brandon A. Girdley
BRICKER GRAYDON WYATT LLP
bgirdley@bricker.com

Donald J. Kelly
BRICKER GRAYDON WYATT LLP
dkelly@bricker.com

Eric J. Skwiat
SWANSON MARTIN & BELL, LLP (Chicago)
eskwiat@smbtrials.com

Timothy Allon Renfro, Jr.
SWANSON MARTIN & BELL, LLP (Chicago)
trenfro@smbtrials.com