UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMERICAN COMMERCIAL BARGE LINE LLC,<br><br>Plaintiff,<br><br>v.<br><br>PELICAN MARINE LOGISTICS, LLC,<br><br>and<br><br>RIGID CONSTRUCTORS, LLC,<br><br>Defendants. | ) | Case No. 4:26-cv-00146-TWP-KMB<br><br>*Electronically Filed* |

## FIRST AMENDED COMPLAINT

Plaintiff American Commercial Barge Line LLC ("ACBL"), by and through its undersigned counsel, for its First Amended Complaint against Defendants Pelican Marine Logistics, LLC ("Pelican") and Rigid Constructors, LLC ("Rigid"), hereby alleges and states as follows:

## PARTIES

1. ACBL is a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

2. The sole member of ACBL is Commercial Barge Line Holdings LLC ("CBLH"), a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

3. The sole member of CBLH is American Commercial Barge Line Holding Corp. American Commercial Barge Line Holding Corp. is incorporated under the laws of the State of Delaware and maintains its principal place of business in Jeffersonville, Indiana.

4. American Commercial Barge Line Holding Corp. is a privately held corporation.

5. Thus, ACBL is a resident of Delaware and Indiana.

6. Pelican is a Louisiana limited liability company with its principal place of business in Gonzales, Louisiana.

7. Pelican is comprised of a single member, Basin Partners, LLC, which is a Louisiana limited liability company with its principal place of business in Gonzales, Louisiana.

8. Basin Partners, LLC is comprised of two members, Settoon Capital, LLC, and Austin Settoon. Settoon Capital, LLC is comprised of two individual members, Russ Settoon and Austin Settoon, both of whom are citizens of Louisiana.

9. Thus, Pelican is a resident of Louisiana.

10. Rigid is a Louisiana limited liability company with its principal place of business in Gonzales, Louisiana.

11. Rigid is comprised of a single member, Basin Partners, LLC, which is a Louisiana limited liability company with its principal place of business in Gonzales, Louisiana.

12. Basin Partners, LLC is comprised of two members, Settoon Capital, LLC, and Austin Settoon. Settoon Capital, LLC is comprised of two individual members, Russ Settoon and Austin Settoon, both of whom are citizens of Louisiana.

13. Thus, Rigid is a resident of Louisiana.

## **JURISDICTION AND VENUE**

14. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1333 because this action is a civil case of admiralty or maritime jurisdiction.

16. This Court has personal jurisdiction over Pelican and venue is proper in this Court pursuant to the forum selection clause set forth in the contract described herein.

17. This Court has personal jurisdiction over Rigid and venue is proper in this Court because Rigid utilized a boat and barges from a hailing port in Indiana to transit cargo owned by Rigid, and because Rigid is an alter ego of Pelican.

## FACTUAL BACKGROUND

18. ACBL restates and realleges the allegations set forth in Paragraphs 1 through 17 of its Complaint as if fully set forth herein.

19. ACBL is one of the largest and most diversified marine transportation companies in the United States of America.

20. Pelican is a third-party logistics provider.

21. Rigid is a supplier of aggregates and other building materials.

22. On October 22, 2025, ACBL and Pelican entered into a Unit Tow Contract (the "Contract") pursuant to which Pelican chartered certain vessels from ACBL to transport aggregates in order to satisfy Rigid's supply obligations to third parties.

23. The Contract started on or about October 27, 2025 and continued for a period of 90 days, with an option to extend for another 30 days, utilizing barges and other equipment owned and/or operated by ACBL.

24. Upon information and belief, the aggregate cargo to be transited by ACBL was the property of Rigid and was delivered to third parties in satisfaction of Rigid's supply obligations.

25. Pursuant to the Contract, Pelican was to pay ACBL charter hire of $16,912 per day, to be paid in advance for each 10-day period of the Contract term, plus other expenses required for the movement of cargo, including, but not limited to, fuel and lube, and equipment cleaning.

26. At Rigid's request, ACBL later agreed to adjust the charter hire payment schedule to allow for payment in advance for each 15-day period of the Contract term.

27. In accordance with the Contract, ACBL provided a boat and barges as a unit for transporting the designated cargo owned by Rigid, and thereafter transited said cargo to Rigid's customers in Vicksburg, Mississippi.

28. The boat chartered by Pelican, the MV Gerald Shreve, has a hailing port of Jeffersonville, Indiana.

29. Six of the barges chartered by Pelican have a hailing port of Jeffersonville, Indiana.

30. Thus, Rigid purposefully directed its activities at the State of Indiana and purposefully availed itself of the privilege of conducting business in that forum by loading its cargo into barges originating from Indiana and utilizing a boat originating from Indiana to transport the cargo.

31. Despite repeated demands by ACBL, Pelican has failed to satisfy its obligations under the Contract by tendering payment for the charges it was contractually obligated to pay.

32. Pelican and Rigid constitute a *de facto* single business enterprise and/or are alter egos of each other due to the lack of separateness between them, commonality of registered agents, commonality of ownership, membership, and management, commonality of mailing addresses, and commonality of purpose.

33. All of ACBL's email correspondence with Pelican regarding the Contract, including, but not limited to, correspondence regarding Contract terms, performance, invoices, and payment, were with individuals using Rigid email addresses with the URL rigidconstructors.com and Rigid signature blocks.

34. At no time did ACBL receive any communications from Pelican concerning the Contract or the amounts owed thereunder. Instead, all communications to ACBL concerning the Contract and the amounts owed thereunder came from Rigid, which further shows the lack of or abandonment of separateness between Pelican and Rigid and/or domination of Pelican by Rigid, which was customary based on the communications described above.

35. The Contract was signed on behalf of Pelican by Shane Dupre as “Vice President, Marine Logistics” for Pelican, but Mr. Dupre’s email is shane.dupre@rigidconstructors.com.

**COUNT I: BREACH OF CONTRACT**

36. ACBL restates and realleges the allegations set forth in Paragraphs 1 through 35 of its Complaint as if fully set forth herein.

37. The Contract obligated Pelican to pay certain amounts with respect to the barge transportation services rendered by ACBL.

38. ACBL has issued invoices to Pelican for charter hire, fuel and lube, cleaning costs, and other amounts that are due and owing under the Contract.

39. Pursuant to the Contract, Pelican was obligated to pay ACBL for charter hire in advance every 10 days, and later, every 15 days, and ACBL’s invoices for fuel, lube, and cleaning were payable within 30 days of the date of the invoice.

40. Despite due demand, Pelican has not paid the outstanding invoices under the Contract.

41. Pelican’s nonpayment for the services rendered by ACBL under the Contract constitutes material breach of the terms by which ACBL furnished the above-described barge transportation services to Pelican.

42. All conditions precedent required of ACBL under the Contract have been performed.

43. As a result of Pelican's breach of its obligations to ACBL, ACBL has and continues to suffer damages in the principal amount of $1,368,435.56, as of April 8, 2026, inclusive of charter hire, fuel and lube, equipment cleaning costs, and other amounts owed under the Contract.

44. Pursuant to the terms of the Contract, Pelican is also liable to ACBL for pre-judgment and post-judgment interest at the agreed rate of 1.5% per month from the date each invoice came due, and all costs incurred in connection with ACBL's collection efforts, including court costs and reasonable attorney's fees.

45. Rigid, as an alter ego of Pelican, is jointly and severally responsible for the aforesaid damages arising from Pelican's breach of the Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Commercial Barge Line LLC prays for judgment as follows:

A. Judgment against Pelican and Rigid in the amount of the aforesaid $1,368,435.56, together with interest thereon at the contractually agreed upon rate of 1.5% per month until paid;

B. Its cost of collection, including reasonable attorney's fees and court costs;

C. Any other and further amount that later calculation may demonstrate as appropriate; and

D. All other relief to which it may be entitled.

Respectfully submitted,

*/s/ Brandon A. Girdley*

Donald J. Kelly
Brandon A. Girdley
BRICKER GRAYDON WYATT LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
502-589-5235
502-589-0309 fax
dkelly@bricker.com
bgirdley@bricker.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send an electronic copy to counsel of record:

T. Allon Renfro, Esq. (#30099-53)
Eric J. Skwiat, Esq. (#35121-46)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
(312) 321-9100
trenfro@smbtrials.com
eskwiat@smbtrials.com

*/s/ Brandon A. Girdley*
Brandon A. Girdley

*Counsel for Plaintiff*